IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JHA'VAUGHN CLARK**,

    Petitioner,

v.

**J. SAAD, Warden,**

    Respondent.

Civil No.: 3:19-CV-14
(JUDGE GROH)

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 5, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.    FACTUAL AND PROCEDURAL HISTORY[1]

**A.    Conviction and Sentence**

On November 16, 2016, a one-count information was filed against Petitioner

---

[1] The facts are taken from the Petitioner's Criminal Case No. 4:16-CR-34 in the United States District Court for the Northern District of Ohio, available on PACER. Unless otherwise noted, the ECF entries in Sections II.A. and II.B. refer to the Northern District of Ohio criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. 922(g)(1) and 924 (a)(2). ECF No. 1. On November 29, 2016, Petitioner pled guilty to Count One. ECF No. 12 at 1. On March 17, 2017, Judgment was entered sentencing Petitioner to thirty-seven months of incarceration to be served consecutively to the sentence imposed in Case No. 4:11-CR-347. ECF No. 17 at 2. Additionally, Petitioner was sentenced to three years of supervised release. Id. at 3. Petitioner did not file a direct appeal.

      **B.**    **Post-Conviction Relief**

On June 13, 2017, Petitioner filed a "Motion Under 2255" asserting three grounds for relief: ineffective assistance of counsel, defective bill of information, and illegal search and seizure. ECF No. 18 at 1-8. Petitioner requested that the court "vacate his sentence and conviction…." Id. at 8-9. On July 14, 2017, the Government responded to each ground respectively. ECF No. 20. On March 5, 2018, Petitioner filed a supplemental motion. ECF No. 23. On June 19, 2018, the court denied Petitioner's motion to vacate and dismissed the petition with prejudice. ECF Nos. 25 at 2; 26 at 1.

On November 2, 2018, Petitioner filed a "Motion to File an Out-of-Time Appeal" with the Sixth Circuit Court of Appeals, which was denied on November 13, 2018. ECF Nos. 28, 29.

      **C.**    **Instant § 2241 Petition**

In his § 2241 petition, Petitioner states one ground for relief as to his conviction and sentence. ECF No. 1. Petitioner asserts that he is challenging the legality of his detention. Id. at 5. In his accompanying memorandum, Petitioner appears to argue that his "rights were clearly violated" due to an illegal search and seizure that occurred while

he was on probation, which resulted in his current incarceration. ECF No. 1-1 at 6 – 8. Additionally, Petitioner asserts that the sentence he received was a fundamental defect. Id. at 1. For relief, Petitioner requests his immediate release from incarceration. Id. at 8.

On August 5, 2019, Petitioner filed a supplemental motion asserting that due to "the Supreme Court's recent decision in Rehaif v. United States, No. 17-9560," Petitioner is entitled to relief. ECF No. 9 at 2-4. Additionally, Petitioner requests the court to vacate his sentence. Id. at 4.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails

to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

### A. Petitioner's Challenge to his Conviction

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e)

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner's sole ground for relief is that he is challenging the continued legality of his detention under the post-Booker,[5] advisory Guidelines. ECF No. 1. Because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. In order for Petitioner to

---

[5] United States v. Booker, 543 U.S. 220 (2005).

6

obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction and sentence in a § 2241, he must meet all three prong of the Jones test and all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

As to the conviction in the instant case, even if Petitioner satisfied the first and third prongs of the Jones test, he cannot meet the second element of the Jones test, because the crime for which he was convicted—felon in possession of a firearm and ammunition—remains a criminal offense. Consequently, because Petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

### B. Petitioner's Challenge to the Legality of his Sentence

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

7

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Even though Petitioner claims his sentence is fundamentally defective, Petitioner is unable to meet the four-part Wheeler test which is required to successfully challenge his sentence. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. To the extent Petitioner cites to "Rehaif v. United States, No. 17-9560"[6], to satisfy the second prong, regardless of whether there was a change in the settled substantive law, Rehaif was not made retroactive on collateral review. Accordingly, Petitioner fails to meet the second prong of Wheeler, and the undersigned need not address the third and fourth prongs.

Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S. Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[6] It appears Petitioner is citing to Rehaif v. United States, 139 S. Ct. 2191 (2019).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  March 4, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE