IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JHA'VAUGHN CLARK,

        Petitioner,

v.                                          CIVIL ACTION NO.: 3:19-CV-14
                                                    (GROH)

JENNIFER SAAD, Warden,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 15] on March 4, 2020. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on March 9, 2020. ECF No. 16. On March 16, 2020, the Petitioner moved the Court for an extension of time to file his objections. ECF No. 17. The Court granted the motion and ordered that the Petitioner file his objections on or before April 18, 2020. ECF No. 18. On March 31, 2020, the Petitioner filed his objections. ECF No. 22. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On February 5, 2019, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, the Petitioner challenges the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Ohio. Specifically, the Petitioner argues that his continued detention is improper due to ineffective assistance of counsel, defective bill of information and illegal search and seizure. In his prayer for relief, the Petitioner requests the Court order his release. Id. at 8.

## III. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction

or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).

Under Wheeler, a § 2255 motion is inadequate or ineffective to test the legality of a sentence when the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).   If these four requirements are met, the savings clause is satisfied, and a prisoner may challenge the legality of his sentence under 28 U.S.C. § 2241.   If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain [the petition] to begin with."   Id. at 425.

Similarly, the Fourth Circuit has recognized that § 2255 is inadequate and ineffective to test the legality of a conviction when the following three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and,
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).   Under Jones, a prisoner may pursue

3

§ 2241 relief only if he was denied an opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). However, if the prisoner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such change," then a § 2241 motion is not an available course of action. Id.

### IV. Analysis

In this case, Magistrate Judge Trumble first found that, regardless of whether the Petitioner meets the first and third prongs of Jones, the savings clause is not satisfied because the second prong is not met. Specifically, the magistrate judge found that the crime for which the Petitioner was convicted remains a criminal offense. Therefore, Magistrate Judge Trumble concluded that the Petitioner failed to demonstrate that § 2255 is an inadequate or ineffective remedy for attacking the validity of his conviction. Similarly, Magistrate Judge Trumble also found the Petitioner unable to satisfy the four-prong test under Wheeler to challenge his sentence. Even if the ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019) represented a change in the settled substantive law, the magistrate judge concluded that this case does not meet the second prong of Wheeler because it was not made retroactive on collateral review. Accordingly, Magistrate Judge Trumble recommends dismissing the Petitioner's claims for lack of subject-matter jurisdiction.

In his objections, the Petitioner relies on Rehaif to demonstrate that he has satisfied all prongs of the Jones and Wheeler tests. With regard to challenging his conviction, the Petitioner argues that Rehaif rendered his conduct non-criminal because

4

the possession element of the underlying offense was not proven. In terms of his sentence, the Petitioner argues that the fourth prong of Wheeler is satisfied because "sister circuits have immediately released numerous individuals, correcting hundreds of sentences and removing decades from improper sentences since the Supreme Court's decision" in Rehaif. ECF No. 22 at 4. In addition to objecting to the R&R, the Petitioner also contends that he is entitled to judgment as a matter of law on his claim challenging the constitutionality of the search and seizure resulting in his conviction and sentence because the opposing party did not contest or dispute these allegations.

Having reviewed the R&R, the Petitioner's objections, and the controlling law in this Circuit, this Court finds that the Petitioner has not satisfied the savings clause under Jones and Wheeler. In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. As stated in the R&R, the Petitioner pled guilty to having knowingly possessed a firearm and knowingly been a felon at time of possession in violation of §§ 922(g)(1) and 924(a)(2). ECF No. 15 at 2. Therefore, the government satisfied its burden of proof for the underlying offense. In addition, the conduct to which the Petitioner pled guilty remains a crime. Consequently, the Petitioner has not satisfied the second prong of the Jones test. Likewise, the Rehaif decision does not satisfy the fourth prong of the Wheeler test because it "was not made retroactive to cases on collateral review by the Supreme Court." See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Therefore, the Petitioner may not challenge the

5

legality of his sentence as well.

Based on the foregoing reasons, the Petitioner's objections are overruled. The Court also finds that the Petitioner is not entitled to judgment as a matter of law on any claims. The Petitioner's allegations concerning an illegal search and seizure provided the basis upon which he challenged his conviction and sentence. Therefore, because the Petitioner has failed to meet the savings clause tests, he is not entitled to any relief.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 15] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** April 22, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE